UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARY A. NESHEIWAT,

                Plaintiff,

        v.                                       5:10-CV-937
                                                  (FJS/ATB)
MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.

---

**APPEARANCES**                                            **OF COUNSEL**

**OLINSKY LAW GROUP**                     **HOWARD D. OLINSKY, ESQ.**
300 South State Street, Suite 520
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **BENIL ABRAHAM, ESQ.**
26 Federal Plaza                                  **SATHYA OUM, ESQ.**
New York, New York 10019
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

      On August 3, 2010, Plaintiff commenced this action seeking judicial review of Defendant's final decision denying benefits pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). *See* Dkt. No. 1. Defendant submitted his answer on December 30, 2010, and submitted the administrative record on January 3, 2011. *See* Dkt. Nos. 8-9. Plaintiff filed a brief in support of her complaint on February 15, 2011, *see* Dkt. No. 11; and Defendant filed his brief in opposition on April 1, 2011, *see* Dkt. No. 14. On July 13, 2011, Magistrate Judge Baxter issued a Report-Recommendation, in which he recommended that the Court affirm Defendant's decision and

dismiss Plaintiff's complaint. *See* Dkt. No. 15. Plaintiff filed objections to those recommendations. *See* Dkt. No. 16.

In reviewing a magistrate judge's report-recommendation, the district court may decide to accept, reject or modify the recommendations therein. *See* 28 U.S.C. § 636(b)(1). The court conducts a *de novo* review of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

The Court has conducted a *de novo* review of Magistrate Judge Baxter's Report-Recommendation in light of Plaintiff's objections and, despite Plaintiff's arguments to the contrary, concludes that Magistrate Judge Baxter correctly found that the ALJ had applied the appropriate legal standards and that the ALJ's findings were supported by substantial evidence. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's July 13, 2011 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Defendant's decision is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: March 27, 2012
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge